THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANITA ERICKSON, | CASE NO. C18-1029-JCC |
| Plaintiff, | ORDER |
| v. | |
| BIOGEN, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for a protective order (Dkt. No. 28) and the parties' joint submission regarding discovery pursuant to Local Civil Rule 37, which addresses Defendant's objection to one of Plaintiff's proposed deposition topics (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Plaintiff's motion for a protective order (Dkt. No. 28) and OVERRULES Defendant's objection to Plaintiff's proposed deposition topic (Dkt. No. 45) for the reasons explained herein.

**I.     BACKGROUND**

The Court has already stated the facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 40.) Presently before the Court are two discovery disputes. (Dkt. Nos. 28, 45.) In the first, Plaintiff moves the Court for a protective order regarding her medical records related to her migraines and her mental health (the "Medical History Dispute"). (Dkt. No. 28.) In the second, Defendant asks the Court to sustain its objection to one of Plaintiff's

proposed Federal Rule of Civil Procedure 30(b)(6) deposition topics about Defendant's document retention policies (the "Document Retention Policy Dispute"). (Dkt. No. 45.)

## II. DISCUSSION

### A. Legal Standard

This Court strongly disfavors discovery motions and prefers that parties resolve discovery disputes on their own. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B. The Medical History Dispute

Plaintiff argues that her medical history related to both her migraines and mental health is protected by either the physician-patient privilege or psychotherapist-patient privilege, and, as such, she should be protected from sharing any records produced created prior to 2015. (Dkt. No. 28.) Defendant argues that the medical records starting from when Plaintiff began her employment (in 2011) to the present are relevant to disputing Plaintiff's claims. (Dkt. No. 35.)

Because the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, (*see* Dkt. No. 1 at 1), federal common law governs any applicable privileges, even as to supplemental state claims. *See* Fed. R. Evid. 501; *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–

68, 367 n.10 (9th Cir. 1992). Plaintiff's claims about her migraines are governed by federal physician-patient privilege and privacy law, while her claims about her psychological distress are governed by federal psychotherapist-patient privilege law.

Under federal law, there is no physician-patient privilege protecting medical records from discovery. *See Equal Emp't Opportunity Comm'n v. Cheesecake Factory, Inc.*, Case No. C16-1942-JLR, Dkt. No. 39 at 16 (W.D. Wash. 2017). However, the Ninth Circuit has recognized a constitutional right to privacy of medical information in some contexts. *Id.* District courts often find that this right to privacy is waived when a party puts her medical history at issue in the lawsuit. *See id.* at 17. Plaintiff argues that she has not put her migraine medical history at issue because she is not alleging that she was disabled, but is instead alleging that she was discriminated against because of a perceived disability. (Dkt. Nos. 28, 38.) However, Plaintiff's argument is belied by her complaint—in it, she alleges that she has a disability. (*See* Dkt. No. 1 at 14.) And one way for a plaintiff to satisfy an element of her *prima facie* case of discrimination under the ADA is by proving that she had a disability. *See, e.g.*, *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Therefore, Plaintiff's migraine medical records are relevant to helping Defendant oppose Plaintiff's *prima facie* case. And medical records beginning in 2011 (when Plaintiff started working for Defendant) are relevant because in her deposition, Plaintiff testified that she has been suffering from migraines for at least that long. (*See* Dkt. No. 36-8 at 5.) Thus, Plaintiff's motion for a protective order with regard to her migraine medical records is DENIED.

Although federal law does not recognize a physician-patient privilege, it recognizes a psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). But like the right to privacy of medical records recognized by the Ninth Circuit, the psychotherapist-patient privilege can also be waived. *See, e.g.*, *Lahrichi v. Lumera Corp.*, 433 F. App'x 519, 521 (9th Cir. 2011). "[D]istrict courts have adopted different approaches to determine whether the patient has waived the privilege in the course of asserting certain claims or damages." *See Cheesecake*

*Factory*, Case No. C16-1942-JLR, Dkt. No. 39 at 10. Under the broad waiver standard, the privilege is waived whenever the plaintiff puts her medical condition at issue. *Id.* The narrow approach finds waiver "only when the [plaintiff] affirmatively relies on privileged communications or where the plaintiff seeks more than 'garden variety' emotional distress damages and alleges emotional distress that is 'complex' or has resulted in specific disorders." *Id.* (footnote omitted); *see also Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 (D.N.J. 2000).

Although Plaintiff does not allege a specific psychiatric injury or disorder in her complaint, she testified in her deposition that she was diagnosed with anxiety and depression as a result of how she was treated at work. (Dkt. No. 36-8 at 8–9.) And she has indicated that she may have her diagnosing doctor testify. (Dkt. No. 28 at 2.) Therefore, under either approach, Plaintiff has waived her privilege with regard to her mental health records. *See Cheesecake Factory*, Case No. C16-1942-JLR, Dkt. No. 39 at 10.

And Plaintiff's mental health records are relevant to the extent that Defendant can show that she had these conditions prior to the allegedly harmful behavior of her managers. In a similar vein, Plaintiff argues that her medical records related to her mental health *before* the alleged wrongdoing are irrelevant because these records are unrelated to treatment she sought because of Defendant's actions. (Dkt. No. 28 at 1.) But, "[D]efendant is entitled to present evidence that other stressful situations in [plaintiff's] past personal history have contributed to her emotional distress." *Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 113 (E.D. Pa. 1987) (citing *Lowe v. Phila. Newspapers, Inc.*, 101 F.R.D. 296, 298 (E.D. Pa. 1983)) (alterations in original). Therefore, Plaintiff's request to limit Defendant's discovery to no earlier than 2015 is unavailing. Plaintiff's motion for a protective order with regard to her medical records related to her depression and anxiety is DENIED.[1]

---

[1] The Court notes that, to the extent Plaintiff still has privacy concerns about her medical history, the parties have already entered a protective order protecting that history from public disclosure. (*See* Dkt. No. 10 at 2.)

1       **C.      The Document Retention Policy Dispute**

Defendant asks the Court to protect it from having to produce a Federal Rule of Civil Procedure 30(b)(6) deponent for Plaintiff to inquire about Defendant's document retention policies. (Dkt. No. 45.) Plaintiff's proposed deposition topic asks Defendant to be prepared to answer questions about "[Defendant's] policies and procedure in place from March 2018 to the present regarding document retention for litigation holds, including the timing and process of holding documents in the present litigation." (*See id.* at 2.) Defendant objects that the deposition topic seeks attorney-client privileged information and is irrelevant. (*Id.*)

The topic is not, in and of itself, protected from questioning under the attorney-client privilege. Although there may be questions within the scope of the topic which are unanswerable because of the attorney-client privilege, the Court need not strike the entire question as violative of the attorney-client privilege. Independent objections can be made on this basis at the deposition. And although a litigation hold letter is generally not discoverable, "[t]o the extent . . . that [D]efendant[] seek[s] 'to foreclose *any* inquiry into the contents of those notices at deposition[,] . . . such a position is untenable.'" *Cannata v. Wyndham Worldwide Corp.*, 2011 WL 3495987, slip op. at 2 (D. Nev. 2011) (citing *In re Ebay Seller Antitrust Litig.*, 2007 WL 2852365, slip op. at 2 (N.D. Cal. 2007)). The Court further finds that the deposition topic is relevant because it is likely to produce at least some relevant answers. Therefore, Defendant's objection to the proposed deposition topic is OVERRULED. Additionally, Defendant is ORDERED to produce a copy of: (1) its document retention policy in place on year before Plaintiff's termination, and any subsequent changes made to the policy; and (2) a non-privileged copy of the litigation hold notice put in place for this litigation.

## III.      CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order (Dkt. No. 28) is DENIED, and Defendant's objection to Plaintiff's proposed deposition topic (Dkt. No. 45) is OVERRULED. Within 7 days of the date this order is issued, Plaintiff is ORDERED to produce

her medical records, relating to only her migraines and her anxiety and depression, from April 2011 to the present. Within 7 days of the date this order is issued, Defendant is ORDERED to produce: (1) a copy of its document retention policy in place one year before Plaintiff's termination, and any subsequent changes made to the policy; and (2) a non-privileged copy of the litigation hold notice put in place for this litigation.

Any further discovery motions filed by either of the parties will expose the parties to severe sanctions.

DATED this 18th day of July 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE