UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

DANITA ERICKSON,

                 Plaintiff,

vs

BIOGEN, INC.

                 Defendant.

NO.  2:18-cv-01029-JCC

PLAINTIFF'S REPLY REGARDING MOTION FOR PARTIAL SUMMARY JUDGMENT

NOTED FOR: AUGUST 30, 2019

## I.  INTRODUCTION

At no time has Plaintiff Danita Erickson asserted that her migraine condition does not meet the legal definition of a disability; instead she has consistently noted throughout this case that this is a **perceived** disability discrimination case rather than failure to accommodate case. Erickson participated in protected activity immediately before she was selected for termination, and that protected activity was known to the three decision-makers involved (Mary Brown, Zac Allison, and Keri Palacio). In addition, Biogen's affirmative defenses addressed in the motion are unsupported. Erickson asks the Court to determine: (A) her migraine condition is a disability; (B) she participated in protected activity; and (C) dismiss Biogen's unsupported affirmative defenses.[1]

---

[1] Plaintiff moved to dismiss the mitigation of damages, overriding justification, good faith, and job-relatedness/business necessity defenses. Dkt. 49 at 1. Biogen has since withdrawn the job-relatedness/business necessity defense. Ex. 11 to Chase Fazio Decl. (Brown 30(b)(6) Dep.) at 109:4-17.

PLAINTIFF'S REPLY RE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
2:18-cv-01029-JCC
[4812-5966-0962]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.   LEGAL ANALYSIS

### A.   Erickson Is Disabled as a Matter of Law Under the ADA and the WLAD.

Erickson has never asserted that she does not have a legally defined disability. What Biogen interprets as a "judicial admission" that Erickson is not disabled, is Erickson's argument (in support of her request for a protective order relating to the overreaching scope of Biogen's requests for her medical records), that she has not asserted a <u>failure to accommodate</u> claim, but instead has asserted a <u>perceived disability</u> claim. Dkt. 28 at 3. In the brief Biogen relies upon for its judicial admission argument, Plaintiff stated: "Defendant seems to believe that because a disability is involved in this case, it is now free to seek years of all records and has not limited its subpoena" to records regarding emotional distress "or the migraine condition (which is not even in dispute)." *Id*. at 5. In an attempt to protect her medical records, Erickson explained that since she is asserting a perceived disability discrimination claim, "under the ADA's own definition, medical proof of a disability is not required." *Id*.  At no time did Erickson claim her migraines were not a disability under either state or federal law.

Here, however, although medical proof of Erickson's disability is not required, it is provided by her physician. Biogen ultimately received Erickson's medical records dating back to 2013. Erickson has experienced severely debilitating migraines for the past ten years, which have been documented by her medical provider since at least 2013. *See* Dkt. 61 at 4. Migraines are a disability recognized as a matter of law. *See* Dkt. 48 at 8-10. Critically, medical testimony by Erickson's primary healthcare provider confirms:

> I have treated Ms. Erickson since 2013. Ms. Erickson has suffered from severe migraines since before I became her primary care physician and on a more probable than not basis will continue to experience migraines for the rest of her life. Ms. Erickson takes medication as needed for migraines.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

> Ms. Erickson's migraines present as a sharp, stabbing pain in her eyes paired with pounding pain in her head and neck. On a scale of 1 to 10, Ms. Erickson's migraines are an 8. Sometimes Ms. Erickson's migraines last for two days, and other times they are shorter in duration. Ms. Erickson's migraines are severely debilitating.

Dkt. 63 at 2.  Biogen has offered no medical expert to dispute Dr. Galvon's testimony.

If Biogen intended to argue Erickson's disability was transitory and minor, it should have asserted an affirmative defense, which it failed to plead or support with evidence. 29 C.F.R. § 1630.15 ("It may be a defense to a charge of discrimination by an individual claiming coverage under the 'regarded as' prong of the definition of disability that the impairment is . . . 'transitory and minor.'"). "To establish this defense, a covered entity must demonstrate that the impairment is <u>both</u> 'transitory' and 'minor.'" *Id*. (emphasis added). "Transitory" is "defined as lasting or expected to last six months or less." *Id*. An employee asserting a perceived or regarded as disability claim "must show that the [employer] perceived [her] as having an impairment, '<u>whether or not the impairment limits or is perceived to limit a major life activity</u>.'' *Silk v. Bd. of Trustees, Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 706-07 (7th Cir. 2015) (emphasis added) (quoting 42 U.S.C. § 12102(3)(A)). In asserting a "transitory and minor" defense, the employer "bears the burden of establishing that the impairment was both transitory and minor." *Id*. The employer "may not defeat 'regarded as' coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor." *Id*. (quoting 29 C.F.R. § 1630.15(f)). "Instead, the standard is an objective one: the [employer] must prove that the perceived impairment actually was transitory <u>and</u> minor." *Id*. (emphasis added); *see also Bush v. Donahoe*, 964 F. Supp. 2d 401, 422-23 (W.D. Pa. 2013); *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259-60 (3d Cir. 2014).

Here, first, Biogen failed to assert an affirmative defense related to Erickson's

PLAINTIFF'S REPLY RE PLAINTIFF"S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
2:18-cv-01029-JCC
[4812-5966-0962]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

disability claim and cannot at this stage assert the defense that her disability was transitory and minor. Second, even if Biogen had asserted an affirmative defense on this point, objectively it fails because Erickson has provided unrebutted evidence that she has experienced her migraine condition for at least ten years and is likely to have it for the rest of her life; thus it is not transitory.  Also, she has testimony from her physician that her migraines are severely debilitating — not a minor condition.

## B.   Erickson Participated in Activity Protected Under Title VII ADA, WLAD, and FCA.

Erickson's statements regarding her reports of disability and gender discrimination are not self-serving statements unsupported by facts, as Defendant alleges. For this argument Biogen relies on *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1061 (9th Cir. 2002); *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1481 (9th Cir. 1996); and *McSherry v. City of Long Beach*, 584 F.3d 1129, 1138 (9th Cir. 2009). All three are factually distinguishable.

In *Villiarimo* the plaintiffs were fired for violating company protocol and severely damaging an airplane. *Villiarimo*, 281 F.3d at 1058. The plaintiffs did not dispute that they violated company policy or were responsible for the accident, but both sued the airlines claiming discrimination and retaliation. *Id*. at 1059-60. The plaintiffs had no evidence whatsoever to support allegations of discrimination. *Id*. at 1061. And their retaliation claims were based on a report from more than a year before they were fired, so the court determined too much time had passed for timing alone to establish timing-based causation supporting retaliation claims. *Id*. at 1064-65. Ultimately, though, the court upheld summary judgment in favor of the employer not because of plaintiffs' lack of evidence, but because even if they had evidence to prove a prima facie case, they were unable to prove the employers proffered reason for termination was pretextual because the plaintiffs conceded

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

it was true. *Id*. at 1062-63.

In *Kennedy*, the plaintiff sued her former employer including a claim that she was discharged because of her Chronic Fatigue Syndrome in violation of the ADA as well as a failure to accommodate claim. *Kennedy*, 90 F.3d at 1477. Central to the case was a question about whether the plaintiff was totally disabled, which would render her unable to perform the essential functions of her job either with or without reasonable accommodation, precluding her claim for failure to accommodate. *Id*. at 1481. The plaintiff testified in her deposition that she was not totally disabled, but this testimony was inconsistent with statement she made on state disability benefit and Social Security claim forms, which all corroborated a medical assessment that she was totally disabled prior to being fired. *Id*. The court determined that her deposition testimony, made later in support of her ADA claim, was "uncorroborated and self-serving" when compared with her earlier sworn statements to the contrary in other forums, and with medical evidence presented in the case. *Id*. As such, the court concluded her deposition testimony did not present "a sufficient disagreement to require submission to a jury." *Id*. (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986)). Although the plaintiff disputed she was totally disabled during litigation, there was no *genuine* dispute in light of her own prior statements. *Id*.

In *McSherry*, a wrongful conviction criminal case, the plaintiff sued the city when he was exonerated after 14 years in prison, alleging civil rights violations related to his arrest and conviction. *McSherry*, 584 F.3d at 1131. The court granted the city's summary judgment motion on the basis of qualified immunity, finding that the plaintiff failed to offer any facts to support his legal conclusion that the city acted improperly during his arrest and conviction. *Id*. at 1132, 1134. Crucial to the court's analysis was the fact that the city put

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

forth deposition and declaration testimony of a witness testifying that the city's arrest and investigation were reasonable, and the plaintiff was unable to offer any evidence to the contrary, aside from his bare assertion that his arrest was improper. *Id*. at 1135-40. The court ultimately held that the case was "manifestly so one-sided that it need not be submitted to a jury." *Id*. at 1147 (quoting *Anderson*, 477 U.S. at 252).

Here, Erickson provides evidence that she reported disability and gender discrimination and what she believed to be an attempt to obtain fraudulent Medicare payment for the off-label use of a drug under the FCA prior to being terminated. *See* Dkt. 48 at 5-7 and Dkt. 61 at 5-10. This evidence, in the form of sworn witness testimony and documentary evidence, comes not only from Erickson but also from Palacio and Allison. Dkt. 48 at 5-7 and Dkt. 61 at 5-10. This is not what courts consider to be "uncorroborated" or "self-serving" testimony, as discussed in the cases above.

With regard to the disability issue, Erickson reported her concerns to Biogen in-house counsel Curto and HR manager Palacio, after first attempting to address it with Brown directly. Ex. 12 to Chase Fazio Decl. (Erickson Dep.) at 298:19-301:8. Erickson reported her concerns of retaliation to Curto in mid-December 2017, but Biogen has shielded communications with Curto under the attorney-client privilege, making it impossible to gather his testimony on what Erickson reported to him to further corroborate this claim. *Id*. As for Palacio, Erickson testified she reported concerns of disability discrimination and retaliation to her in January 2018. *Id*. Palacio testifies this did not happen. Dkt. 68-4 at 6. Coincidentally, Palacio also testified she took contemporaneous notes of Erickson's reports, which would ostensibly demonstrate whose testimony is accurate. Ex. 13 to Chase Fazio Decl. (Palacio Dep.) at 58:18-60:6. Palacio claims she got a new computer in November

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

2018 and the notes are now lost. *Id*. Critically, Erickson first sent a demand letter on April 25, 2018, and Keri Palacio was copied on that correspondence.[2] In other words, Palacio had notice of Erickson's claims for seven months, and notice of the present lawsuit for four months, before her notes were lost or destroyed.[3] *Id*.; Dkt. 1 (filed July 13, 2018). Biogen now argues Erickson offers no evidence to corroborate her sworn testimony that she reported the disability and other issues to Palacio; however, the corroborating evidence was in Palacio's possession until November 2018, was not produced, and is now allegedly "lost."

With regard to gender discrimination, Palacio and Allison concede Erickson reported Brown's preferential treatment of male TBMs, and that Erickson was not the only employee to report this concern. Dkt. 61 at 5-6, 8. Palacio chose not to investigate Erickson's report because she did not think it was "justified." *Id*. at 8. However, Brown was verbally counseled by Allison regarding Erickson's report during her 2017 year-end review. *Id*.

As for its FCA arguments, Biogen reasserts the two cases it cited in its motion for summary judgment, both of which are quite different than the facts presented here: *Sicilia v. Boeing Co*., 775 F. Supp. 2d 1243, 1254 (W.D. Wash. 2011) and *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996). In *Sicilia*, the Court dismissed the FCA retaliation case because the plaintiff could show "no nexus to the FCA," and thus her report was "objectively unreasonable." Dkt. 61 at 19-20. In *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996), the court determined that a claim for retaliation under the FCA was unsupported because the employee was not investigating fraud. *Id*. In contrast to *Sicilia* and *Hopper*, here Erickson was investigating and protesting a false certification of Medicare,

---

[2] This letter is subject to ER 408 and not included in this briefing.

[3] Biogen's 30(b)(6) representative on the topic of document retention is being deposed in early September 2019, and Biogen has not offered any explanation for the failure to preserve Palacio's notes between the date of Erickson's demand letter in April and the time the notes were lost or destroyed in November 2018.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

1
2
3
4
5
6
7
8

which would be a specific violation of the FCA, and she in good faith believed her report to be true. Erickson also expressed a concern about retaliation for the FCA report at the time she reported it, further signaling the good faith belief in her report. Dkt. 49 at 95.  As set forth in Plaintiff's response to Defendant's motion for summary judgment, all three decisionmakers, Brown, Palacio, and Allison, knew of Erickson's protected activity before she was fired. Dkt. 61 at 6-10. It is unpersuasive for Biogen to argue that Erickson did not engage in protected activity immediately prior to being chosen for termination.

**C.**  **Biogen's Two Remaining Affirmative Defenses Should Be Dismissed Because It Has Not Established Any Material Disputed Facts.**

9
10
11
12
13
14
15
16

Defendant did not address Plaintiff's arguments related to the "good faith" defense in its Response brief. Thus, the "good faith" defense is waived. And Defendant notified Plaintiff of its intent to strike the job relatedness/business necessity defense. Brown 30(b)(6) Dep. at 109:4-17. Thus, both the "good faith" and "job-relatedness/business necessity" defenses are waived. This Court should dismiss the remaining defenses at issue in this motion, failure to mitigate and overriding justification.

**1.**  **This Court Should Dismiss Biogen's "Failure To Mitigate" Defense.**

17
18
19
20
21
22
23
24
25
26

Biogen now argues that, in addition to not doing enough to mitigate her economic damages (despite applying for more than 30 positions to attempt to find alternate employment), Erickson also has not done enough to mitigate her noneconomic damages. Dkt. 67 at 11-15. First, regarding economic harm, Biogen has not and cannot meet the burden of establishing that: (1) the damage suffered by plaintiff could have been avoided, *i.e.*, there were suitable positions available which plaintiff could have discovered and for which she was qualified; and (2) plaintiff failed to use reasonable care and diligence in

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

seeking such a position. *See* Dkt. 48 at 14-16. And Biogen fails to reconcile its glowing evaluation of Erickson's "significant sales skills," which it characterizes as "highly transferrable," with the fact that Biogen allegedly terminated Erickson because of her "lack of effectiveness" in sales, "was tentative and appeared to lack confidence," "unable to read the customer or understand the customer's needs," and "was unable to finish her thoughts and sentences." *See* Dkt. 67 at 13 compared with Dkt. 64 at 236.

Second, without identifying an expert to testify on this topic, Biogen now attempts to prescribe a wellness regime to cure Erickson's diagnosis of adjustment disorder, anxiety, and depression, including exercising more, doing yoga, and seeking counseling outside the counseling she already receives from her primary care physician. Dkt. 67 at 15. "A defendant requesting a failure to mitigate instruction must show that there were alternative treatment options available to the plaintiff and that the plaintiff acted unreasonably in deciding on treatment." *Fox v. Evans*, 126 Wn. App. 1032 at *2-3 (2005) (citing *Hogland v. Klein*, 49 Wn.2d 216, 221 (1956) (distinguished on other grounds by *Thompson v. King Feed & Nutrition Serv., Inc.*, 153 Wn.2d 447, 454 (2005)). This rule recognizes that an injured party has some duty to lessen his or her damages. *Hogland*, 49 Wn.2d at 221. Because the defendant caused the injury, however, it is the defendant's burden to show that the plaintiff acted unreasonably. *Hawkins v. Marshall*, 92 Wn. App. 38, 47 (1998).

> A wide latitude of discretion must be allowed to the person who by another's wrong has been forced into a predicament where [s]he is faced with a probability of injury or loss. Only the conduct of a reasonable [person] is required of [her]. If a choice of two reasonable courses presents itself, the person whose wrong forced the choice cannot complain that one rather than the other is chosen.

*Hogland*, 49 Wn.2d at 221 (quoting McCormick Handbook on Damages §35, at 133).

PLAINTIFF'S REPLY RE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
2:18-cv-01029-JCC
[4812-5966-0962]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Notably, here the only authority Biogen cites for its proposed mental health regime for Erickson is a document entitled "Mayo Clinic Staff, *Yoga: Fight Stress and Find Serenity*." Dkt. 67 at 15. Erickson is unaware of, and Biogen does not cite to any, legal authority requiring her to seek outside internet resources to cure the emotional distress she has experienced since being terminated by Biogen. Instead, Erickson has attempted to mitigate her emotional harm by seeking mental health counseling from her trusted medical provider, exercising regularly (albeit is no longer training for marathons as she did before her termination), meditating, and is now on prescription medications to manage her symptoms of depression, anxiety, and insomnia. Erickson Dep. at 262:19-265:25; 311:2-19. Biogen has no medical expert to dispute Erickson's primary healthcare provider or argue that she has failed to mitigate her emotional harm. The failure to mitigate defense should be dismissed.

### 3. This Court Should Dismiss The "Overriding Justification" Defense.

The present case falls into one of the four traditional public policy scenarios covered by the tort of wrongful discharge, *i.e.*, whistleblowing. *See Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 936 (1996) (citing *Dicomes v. State*, 113 Wn.2d 612, 618 (1989)). As such, it is not subject to the four-part *Perritt* test. *Id.* at 940. Only when the claim must undergo a *Perritt* analysis does the existence of an overriding justification for dismissal even apply. *Rickman, v. Premera Blue Cross*, 184 Wn.2d 300, 310, 358 P.3d 1153 (2015) (quoting *Gardner*, 128 Wn.2d at 941). Because this case falls into the fourth traditionally recognized category (whistleblowing), a *Perritt* analysis, and by extension the overriding justification argument, is inapplicable here. *Martin v. Gonzaga University*, 191 Wn.2d 712, 722-26, 425 P.3d 837, 842-44 (2018). It is striking that Biogen suggests *Martin* holds

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

otherwise. Dkt. 67 at 16. "Martin's suit falls into the fourth category, whistle-blowing, because he alleges that he was fired in retaliation for voicing safety complaints about the need for wall padding in the basketball courts." *Martin*, 191 Wn.2d at 724. "Thus, the Court of Appeals erred by applying the *Perritt* test instead of using the standard enunciated in *Thompson* and refined in *Wilmot v. Kaiser Aluminum & Chemical Corp.,* 118 Wn.2d 46, 821 P.2d 18 (1991)." *Id*.

Biogen's suggestion that Erickson's complaint about an attempt to defraud Medicare, by submitting a false verification so that the taxpayers would fund the off-label use of an expensive drug to be used for MS patients, was a "purely personal" concern of Erickson's and that there was nothing deceptive about this conduct is illustrative of the lengths to which Biogen will go to sell its products. Dkt. 67 at 16:20-24. Here, Erickson reported a potential FCA violation, placing herself squarely in the fourth traditional category of "whistleblowing." As such, the *Perritt* analysis does not apply and Defendant's overriding justification defense should be dismissed.

### III.   CONCLUSION

Plaintiff respectfully requests that this Court find that Erickson has or was perceived to have a disability, engaged in protected activity under the ADA, WLAD, and FCA, and dismiss four of Defendant's five remaining affirmative defenses. This will appropriately narrow the issues to be presented at trial.

Dated this 30th day of August, 2019.

GORDON THOMAS HONEYWELL LLP

By: /s/ Stephanie Bloomfield
        Stephanie Bloomfield, WSBA No. 24251
        James W. Beck, WSBA No. 34208
        Janelle Chase-Fazio, WSBA No. 51254
        Attorneys for Plaintiff

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

1

## CERTIFICATE OF SERVICE

2

3
       I HEREBY CERTIFY that on this date, I served the attached pleading on all Counsel

4
of Record via CM/ECF electronic email service as follows:

5
Mike Griffin, WSBA No. 29103
Daniel P. Crowner, WSBA No. 37136

6
Jackson Lewis PC
520 Pike Street, Ste. 2300

7
Seattle, WA  98101
(206) 626-6416 direct

8
Michael.griffin@jacksonlewis.com
Daniel.Crowner@jacksonlewis.com

9
       DATED this 30th day of August, 2019.

10

11
              /s/ Christine L. Scheall
              Christine L. Scheall, Legal Assistant

12
              Gordon Thomas Honeywell LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
[4812-5966-0962]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565