THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANITA ERICKSON,

                  Plaintiff,

      v.

BIOGEN, INC,

                Defendant.

CASE NO. C18-1029-JCC

COURT'S INSTRUCTIONS TO
THE JURY

      The clerk shall provide copies of this order to all counsel.

      DATED this 5th day of November 2019.

_John C Coughenour_

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

As I did at the start of this case, I will first give you a summary of each side's contentions in this case. I will then provide you with detailed instructions on what each side must prove to win on each of its contentions.

The plaintiff asserts that the defendant discriminated against her based on its perception that she was disabled and based upon her gender; retaliated against her for engaging in activity protected by federal and state anti-discrimination laws; retaliated against her for reporting activity protected by the federal False Claims Act; and wrongfully terminated her employment in violation of state law. The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that it has affirmative defenses: First, it asserts that regardless of the plaintiff's gender, her perceived disability, or her alleged complaints, the defendant would have made the same decisions affecting the plaintiff. Second, the defendant asserts that it made good faith efforts to prevent discrimination and retaliation and that it therefore has an affirmative defense to punitive damages. The defendant has the burden of proof on only its affirmative defenses.

The plaintiff denies the defendant's affirmative defenses.

**INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. 4**

**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a defendant has the burden of proving any defense by clear and convincing evidence, it means that a defendant must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

## INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

## INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other factors that bear on believability.

Sometimes, different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**INSTRUCTION NO. 9**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that

COURT'S INSTRUCTIONS TO THE JURY
C18-1029-JCC
PAGE - 10

has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

### INSTRUCTION NO. 10

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 11**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 12**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 13**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 14

## EXPERT OPINION

You have heard testimony from a witness who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all other evidence in the case.

**INSTRUCTION NO. 15**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### INSTRUCTION NO. 16

### LIABILITY OF CORPORATIONS—SCOPE OF
### AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**INSTRUCTION NO. 17**

**ADA EMPLOYMENT ACTIONS—**
**REGARDED AS DISABILITY—ELEMENTS**

The plaintiff claims that because the defendant regarded her as disabled, the defendant discharged her. To succeed on this claim, the plaintiff has the burden of proving the following by a preponderance of the evidence:

1.  the plaintiff was regarded as having a physical or mental impairment;

2.  the plaintiff was a qualified individual as that term is later defined in these instructions; and

3.  the plaintiff was discharged because she was regarded as having a physical or mental impairment.

Under the ADA, a plaintiff is subjected to an adverse employment action "because of" her perceived disability if the adverse employment action would not have occurred but for that perceived disability.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant on this claim.

**INSTRUCTION NO. 18**

**ADA—QUALIFIED INDIVIDUAL**

The second element of the ADA claim that the plaintiff must prove is that the plaintiff is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

**INSTRUCTION NO. 19**

**WLAD DISABILITY DISCRIMINATION**

Discrimination in employment on the basis of disability is prohibited under Washington's Law Against Discrimination ("WLAD").

To establish her claim of discrimination on the basis of disability, the plaintiff has the burden of proving each of the following elements on a more probable than not basis:

1. That she was perceived to have a disability;

2. That she was able to perform the essential functions of the job in question with or without a reasonable accommodation; and

3. That the perception of her disability was a substantial factor in the defendant's decision to select her for termination.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. The plaintiff does not have to prove that her perceived disability was the only factor or the main factor in the decision. Nor does the plaintiff have to prove that she would have been retained but for her perceived disability.

If you find from your consideration of all the evidence that any of the elements has not been proved, your verdict should be for defendant on this claim. On the other hand, if each of these elements have been proved, your verdict should be for plaintiff on this claim. If the plaintiff has proved each of these elements, you must then decide whether the defendant proved by clear and convincing evidence that the defendant would have made the same decision even if the plaintiff's perceived disability had played no role in the employment decision. If so, you must enter a verdict for the plaintiff, but you may not award her damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 20**

**TITLE VII SEX DISCRIMINATION**

As to the plaintiff's federal Title VII claim that her sex was a motivating factor for the defendant's decision to discharge her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was discharged by the defendant; and

2. the plaintiff's sex was a motivating factor in the defendant's decision to discharge the plaintiff.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant on this claim. If the plaintiff has proved both of these elements, you must then decide whether Defendant proved by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's sex had played no role in the employment decision. If so, you must enter a verdict for the plaintiff, but you may not award her damages.

## INSTRUCTION NO. 21

## WLAD SEX DISCRIMINATION

Discrimination in employment on the basis of gender is prohibited under Washington's Law Against Discrimination ("WLAD").

To establish her WLAD "disparate treatment claim," plaintiff has the burden of proving each of the following elements:

1. That the defendant took an adverse employment action against the plaintiff; and

2. That the plaintiff's gender was a substantial factor in the defendant's decision to take the adverse action.

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision. "Substantial factor" also does not mean that the plaintiff would not have been laid off "but for" her gender.

If you find from your consideration of all the evidence that either of the elements has not been proved, your verdict should be for defendant on this claim. On the other hand, if both of these elements have been proved, your verdict should be for plaintiff on this claim. If the plaintiff has proved both of these elements, you must then decide whether the defendant proved by clear and convincing evidence that the defendant would have made the same decision even if the plaintiff's sex had played no role in the employment decision. If so, you must enter a verdict for the plaintiff, but you may not award her damages.

.

**INSTRUCTION NO. 22**

**RETALIATION UNDER THE ADA**

It is unlawful for a person or entity to retaliate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful discrimination under the Americans with Disabilities Act ("ADA"). That is considered "protected conduct."

Disability is not an element of a retaliation action under the ADA.

For the plaintiff to establish retaliation in violation of the ADA, the plaintiff must prove the following elements by a preponderance of evidence:

1. the plaintiff engaged in conduct protected under the ADA, that is reporting concerns about disability discrimination;

2. the defendant subjected the plaintiff to an adverse employment action, that is plaintiff was discharged;

3. the plaintiff was subjected to the adverse employment action because of her protected activity.

Under the ADA, a plaintiff is subjected to an adverse employment action "because of" her conduct protected under the ADA if the adverse employment action would not have occurred but for that conduct.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant on this claim.

**INSTRUCTION NO. 23**

**RETALIATION UNDER TITLE VII**

The plaintiff seeks damages against the defendant for retaliation in violation of Title VII. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The plaintiff engaged in activity protected under federal law, that is reporting concerns about gender discrimination;

2. The employer subjected the plaintiff to an adverse employment action, that is she was discharged; and

3. The plaintiff was subjected to the adverse employment action because of her protected activity.

A plaintiff is "subjected to an adverse employment action" because of her participation in a protected activity if the adverse employment action would not have occurred but for that participation.

The plaintiff has previously established the first element, participation in protected activity. If you find that the plaintiff has proved the remaining elements, your verdict should be for the plaintiff on this claim. If, on the other hand, the plaintiff has failed to prove any of these remaining elements, your verdict should be for the defendant on this claim.

**INSTRUCTION NO. 24**

**WLAD RETALIATION**

It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of disability or gender.

To establish a claim of unlawful retaliation by the defendant, the plaintiff has the burden of proving both of the following elements:

1. That the plaintiff was opposing what she reasonably believed to be discrimination on the basis of disability or gender; and

2. That a substantial factor in the decision to terminate was plaintiff's opposing what she reasonably believed to be discrimination or retaliation.

If you find from your consideration of all the evidence that either of the elements has not been proved, your verdict should be for defendant on this claim. On the other hand, if both of these elements have been proved, your verdict should be for plaintiff on this claim. If the plaintiff has proved both of these elements, you must then decide whether the defendant proved by clear and convincing evidence that the defendant would have made the same decision even if the plaintiff's opposition had played no role in the employment decision. If so, you must enter a verdict for the plaintiff, but you may not award her damages.

The plaintiff does not have to prove that her opposition was the only factor or the main factor in the defendant's decision, nor does the plaintiff have to prove that she would not have been terminated but for her opposition.

**INSTRUCTION NO. 25**

**FALSE CLAIMS ACT**

A federal statute, the False Claims Act ("FCA"), prohibits false claims seeking payment made with the intent to defraud the government. It is unlawful to retaliate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the FCA. In order to establish her FCA retaliation claim, the plaintiff must prove the following:

1. the plaintiff engaged in activity protected under the FCA, that is reporting concerns about a potential violation of the FCA

2. The employer subjected the plaintiff to an adverse employment action, that is she was discharged; and

3. the plaintiff was subjected to the adverse employment action because of her protected activity.

A plaintiff is "subjected to an adverse employment action" because of her participation in a protected activity if the adverse employment action would not have occurred but for that participation.

The potential false claims action does not need to have turned out to be true. The plaintiff needs to show only that she had a genuine and reasonable concern that a false claim was being submitted to the government.

The plaintiff has previously established the first element, participation in protected activity. Therefore, you must determine whether the plaintiff has proved the remaining elements of her FCA claim.

**INSTRUCTION NO. 26**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

It is unlawful to terminate an employee in retaliation for reporting employer misconduct.

To recover on her claim of wrongful termination in violation of public policy under Washington law, the plaintiff has the burden of proving that a substantial factor motivating the employer to terminate her employment was her reporting what she reasonably believed to be employer misconduct.

If you find from your consideration of all of the evidence that the plaintiff has not met this burden, then you must find for the defendant on this claim.

If you find from your consideration of all the evidence that the plaintiff has met this burden, then you must find for the plaintiff on this claim.

**INSTRUCTION NO. 27**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

You should consider the following:

- the reasonable value of wages, earnings, and salaries lost up to the present time; and the reasonable value of wages, earnings, and salaries that with reasonable probability will be lost in the future; and
- the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# INSTRUCTION NO. 28

# PUNITIVE DAMAGES

If you find for the plaintiff on her federal ADA disability discrimination claim, Title VII sex discrimination claim, or Title VII retaliation claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff. It is not necessary, in considering punitive damages, to determine that the defendant's conduct was egregious, just that the conduct was intentional.

You may not award punitive damages if you find that the defendant's employees' decisions to discharge plaintiff were contrary to the defendant's good-faith efforts to comply with the law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You

may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  DANITA ERICKSON,

10                          Plaintiff,

11        v.

12  BIOGEN, INC,

13                          Defendant.

14

CASE NO. C18-1029-JCC

VERDICT FORM

15  We, the jury, unanimously find the following verdict on the questions submitted to us:

16  **Question No. 1:**

17  Has the plaintiff proved her federal ADA disability discrimination claim?

18  Yes _____       No _____

19  **Question No. 2:**

20  Has the plaintiff proved her state law WLAD disability discrimination claim?

21  Yes _____       No _____

22  *If you answered "Yes" to Question 2, then please answer Question 3. If you answered*

23  *"No" to Question 2, then please skip Question 3 and continue to Question 4.*

24  **Question No. 3:**

25  Has the defendant proved by clear and convincing evidence that the defendant would

26  have made the same decision even if the plaintiff's perceived disability had played no role in the

employment decision?

Yes _____     No _____

**<u>Question No. 4:</u>**

Has the plaintiff proved her federal Title VII sex discrimination claim?

Yes _____     No _____

*If you answered "Yes" to Question 4, then please answer Question 5. If you answered "No" to Question 4, then please skip Question 5 and continue to Question 6.*

**<u>Question No. 5:</u>**

Has the defendant proved by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's sex had played no role in the employment decision?

Yes _____     No _____

**<u>Question No. 6:</u>**

Has the plaintiff proved her state law WLAD gender discrimination claim?

Yes _____     No _____

*If you answered "Yes" to Question 6, then please answer Question 7. If you answered "No" to Question 6, then please skip Question 7 and continue to Question 8.*

**<u>Question No. 7:</u>**

Has the defendant proved by clear and convincing evidence that the defendant would have made the same decision even if the plaintiff's gender had played no role in the employment decision?

Yes _____     No _____

**<u>Question No. 8:</u>**

Has the plaintiff proved her federal ADA retaliation claim?

Yes _____     No _____

*//*

**Question No. 9:**

Has the plaintiff proved her federal Title VII retaliation claim?

Yes _____      No _____

**Question No. 10:**

Has the plaintiff proved her state law WLAD retaliation claim?

Yes _____      No _____

*If you answered "Yes" to Question 10, then please answer Question 11. If you answered "No" to Question 10, then please skip Question 11 and continue to Question 12.*

**Question No. 11:**

Has the defendant proved by clear and convincing evidence that the defendant would have made the same decision even if the plaintiff's opposition had played no role in the employment decision?

Yes _____      No _____

**Question No. 12:**

Has the plaintiff proved her federal FCA retaliation claim?

Yes _____      No _____

**Question No. 13:**

Has the plaintiff proved her state law claim of wrongful termination in violation of public policy?

Yes _____      No _____

*If you answered "No" to every one of the previous questions, other than Questions 3, 5, 7, and 11, then do not answer the remaining questions and please sign and date the Verdict Form. Otherwise, continue to the next question.*

**Question No. 14:**

Did the plaintiff suffer damages caused by the actions of the defendant?

Yes _____      No _____

If yes, what do you find to be the amount of damages sustained by the plaintiff?

Past Economic Damages:     $_____

Future Economic Damages:  $_____

Non-Economic Damages:     $_____

*If you answered "No" to Questions 1, 4 and 9, then do not answer the remaining question and sign and date the Verdict Form. If you answered "Yes" to Question 1 (ADA Discrimination Claim); or Question 4 (Title VII discrimination claim); or Question 9 (Title VII retaliation claim), answer the following question.*

**<u>Question No. 15:</u>**

Do you find that punitive damages are appropriate?

Yes _____       No _____

If yes, what do you find to be the amount?

Punitive Damages:          $_____


**Presiding Juror, please sign and date this Verdict Form**, after which you will return to the Courtroom for further instructions:

DATED this _____ day of _____, 2019.

_____
PRESIDING JUROR